CALLOWAY, J., Pro Tempore.
hThe plaintiffs, Yvonne and Aristide Ton, appeal a summary judgment that dismissed their claims against the defendants, Albertsons, LLC, and Ace American Insurance Company, for damages suffered when Mrs. Ton fell outside the store.[1] Having conducted a de novo review of the record, we affirm the summary judgment.
FACTS
The incident at issue occurred on October 24, 2013, shortly after the Tons arrived at Albertsons, a grocery store in Shreveport. The front of the storie has a left / east entrance and a right / west entrance facing the parking lot. Upon exiting their vehicle, Mr. Ton cut through th'e parking lot toward the right / west entrance to get a shopping cart, while Mrs. Ton headed straight toward pumpkins displayed in front of the store. As she got near the store, she stopped to remove her sunglasses, which she then held in her hands. She looked at the pumpkins and then proceeded toward her husband. Mrs. Ton noticed a “concrete gizmo.” She walked toward the “gizmo,” planning to put her purse on it so that she could put away her sunglasses. When she saw that the “gizmo” was hollow, she did not do as planned. She looked up to find her husband who was somewhere to her right, took a step or two, and then fell, injuring her shoulder. No one witnessed her fall.
*248 In their petition against Albertsons, the Tons alleged that Mrs. Ton’s “foot caught on a defect in the concrete.” Albertsons answered that the concrete area in front of the entrance where Mrs. Ton fell did not pose any ^unreasonable risk of harm and that it neither created nor had actual or constructive notice of any hazard.
After the parties deposed the Tons and various store employees, Albertsons moved for summary judgment. Albertsons argued that the Tons had no evidence of any defect that caused Mrs. Ton to fall and that, even if there was some defect,' they could not prove the actual or constructive notice element of their claim. Deposition excerpts offered in support of Albertsons’ motion showed that Mr. Ton did not see the fall occur but he returned to Albert-sons within a day or two after the incident and. took photographs of the area. His photographs show a small crack or hole along an expansion joint. Mr. Ton could not say exactly where his wife fell or where he saw her on the ground after her fall. In her deposition, Mrs. Ton recalled taking a step or two away from the gizmo when her right foot went into something or hit something. She did not identify what her foot went into or hit.
Denice Washburn (“Washburn”), an Al-bertsons employee, identified on a photograph an area off to the right or west of a concrete trash can where she saw Mrs; Ton sitting on the ground. Patrick Brewer, Albertsons’ store director, stated that there- had been no complaints about the area where Mrs. Ton fell and no reports of prior falls. - -
Opposing Albertsons’ motion, the Tons offered the depositions of Mrs. Ton, five Albertsons employees, and one emergency responder. Focusing on the photographs showing the small cracked area or small hole along the expansion joint, the Tons argued that whether this area presented |san unreasonable risk of harm, whether Albertsons created the defect or had notice of it, and whether Alberstons failed to exercise reasonable care were issues that required the denial of summary judgment, In their depositions, the Albertsons’. employees generally agreed in response to questions posed by counsel for the Tons that the alleged defect posed a potential hazard to someone wearing high heels and that a fall on concrete could, potentially, result in death. Notably, Mrs. Ton was wearing flat shoes, not high heels.'
We note that the record includes copies of photographs taken of the west entrance area where Mrs. Ton fell. Mr., Ton took some photographs a day or two after the incident. Washburn also took photographs as part of Albertsons’ investigation of the incident, but the record does not disclose exactly when she did this. The photographs show pumpkins in front of the store near the west entrance, an array of chimineas displayed to the right,/ west of the pumpkins, and then a concrete trash can. , Mrs. Ton did not specify whether the “concrete gizmo” was a chiminea or the trash can, and it is nqt clear whether the chimineas - were even on display the day she fell. The Tons’ brief states that the “gizmo” was the trash can. Nevertheless, the alleged hazard as shown on the photographs appears to be in front of a chiminea and perhaps a few feet east of the concrete trash can. As stated, Washburn identified a spot west of the concrete trash can where she saw Mrs. Ton on the ground after she fell.
After reviewing the depositions and hearing the parties’ arguments, the tidal court granted Albertsons’ motion for summary judgment in a thorough and thoughtful oral ruling. Referring to Mrs. Ton’s deposition as |4the only testimony of consequence as to the cause of the fall, the trial court focused on it and. concluded that she *249 made “it very clear that, she just doesn’t know what she tripped on.” The trial court also concluded that speculation that Mrs. Ton tripped on, the alleged defect in the expansion joint did not suffice as factual support necessary to show that the Tons would be able to prove causation at trial. The trial court noted that the employees who'saw Mrs. Ton on the ground áfter she fell indicated that she was to the right of the concrete trash can arid well past the location of the alleged defect. In further support of its ruling, the trial court noted that the absence of any evidence of prior complaints or incidents involving the alleged defect would preclude the Tons from showing that the alleged defect presented an unreasonable risk of harm.
The Tons appealed.
DISCUSSION
A summary judgment is subject to a de novo review on appeal. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2).
A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together. with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The burden of proof remains with the .mover. But if the | amover will-not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the mover need only point out an absence of factual support for one or more elements essential to the -adverse party’s claim. If the nonmoving party then fails to produce factual support to establish that he wijl be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact, and summary judgment is appropriate. La. C.C.P. art. 966(C)(2); Dickson v. City of Shreveport; 47,268 (La.App.2d Cir.8/8/12), 104 So.3d 9.
Circumstantial evidence may suffice to establish the existence of a genuine issue of material fact. Norton v. Claiborne Elec. Co-op, Inc., 31,886 (La.App.2d Cir.5/5/99), 732 So.2d 1256, writs denied, 99-1737, 99-1823 (La.10/1/99), 748 So.2d 443, 454; Lyons v. Airdyne Lafayette, Inc., 563 So.2d 260 (La.1990). However, mere speculation is not sufficient. Babin v. Wimv-Dixie La., Inc., 00-0078 (La.6/30/00), 764 So.2d 37; Reed v. Home Depot USA Inc., 37,000 (La.App.2d Cir.4/9/03), 843 So.2d 588, writ denied, 2003-1638 (La.10/10/03), 855 So.2d 345.
Slip or trip and fall cases against merchants are governed by La. R.S. 9:2800.6, which provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors ⅛' a reasonably safe condition. This’ duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements' of his cause of action, all of the following:
|fi(l). The condition presented an unreasonable risk of harm to the claimant and *250 that risk of harm was reasonably foreseeable. • ■
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
While merchants must exercise reasonable care to protect their patrons and keep their premises safe from unreasonable risks of harm, they are not insurers of their patrons’ safety and are not liable every time an accident happens. Jones v. Brookshire Grocery Co., 37,117 (La.App.2d Cir.5/14/03), 847 So.2d 43; Turner v. Brookshire Grocery Co., 34,562 (La.App.2d Cir.4/4/01), 785 So.2d 161.
As stated in Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362, 363:
It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs. These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet. Rather a party may only be liable for those defects which present an unreasonable risk of harm.
The Tons argue that circumstantial evidence suggests that the faulty expansion joint caused Mrs. Ton to fall and that such evidence creates an issue of material fact for trial. They also assert legal error in the trial court’s failure to find material facts in dispute as to Albertsons’ creation of the hazard, notice of the hazard, and whether the hazard was unreasonably dangerous. However, the absence of evidence that the small cracked area |7along the ekpansion joint caused Mrs. ■ Ton to fall warrants summary judgment.
In his deposition, Mr. Ton admitted that he could not say exactly where his wife fell or where she was when he saw her on the ground. He took photographs of the area a day or two after the incident. One photograph attached to his deposition excerpt shows a measurement of the small crack along the expansion joint where he thought his wife tripped. But when asked to circle the general area of where he saw her on the ground, he responded, “You’re kidding?”
In her deposition, Mrs. Ton said that her foot hit something or seemed to go into something when she fell. However, she did not identify what that something may have been. She testified that she was in pain as she sat on the ground after falling. .She recalled that she was facing the building and was catercorner, but she did not remember anything about the ground. She could not say for certain where she fell.
Neither of the Tons noticed a crack or other defect in the concrete when Mrs. Ton fell. The alleged hazard — the small crack along the expansion joint — was identified a day or two later when Mr. Ton returned to Albertsons to take photographs. As stated, neither of the Tons could say where Mrs. Ton fell. They merely speculate that the small crack was what her right foot either hit or went into. However, Washburn, an Albertsons manager who did the accident report, indicated that Mrs. Ton was on the ground over to the right / west of the concrete trash can. Thus, Mrs. Ton would have been the well past and further to the right / west of the location |sof the alleged hazard. Contrary *251 to the argument of the Tons’ counsel, there was no admission by Albertsons’ employees concerning the cause of Mrs. Ton’s fall. Patrick Brewer, the store director at Al-bertsons, merely stated in his deposition that Washburn had brought to his attention during Albertsons’ investigation of the incident the cracked expansion joint as what “was allegedly the cause of the accident.” Noting what was alleged to have caused the fall is not an admission of causation.
In Reed v. Home Depot USA, Inc., supra, a ease discussed by the trial court in granting summary judgment, Mrs. Reed fell and broke her hip while looking at azaleas on pallets outside a Home Depot. Mrs. Reed and her son assumed that her foot became wedged under one of the pallets, causing her to fall when she tried to step away. However, her shoe, which had come off when she fell, was not under a pallet. No one witnessed her fall. Affirming the summary judgment in favor of Home Depot, this court found that speculation as to what caused Mrs. Reed to fall “cannot supply the factual support necessary to show that the plaintiff would be able to meet her evidentiary burden at trial.” Id., at 591.
Likewise, the Tons’ speculation that Mrs. Ton tripped on the small crack along the expansion joint cannot provide the factual support necessary to show that they would be able to meet the burden of proving causation at a trial. The after-the-fact identification- of the small crack along the expansion joint as the alleged cause of the fall, particularly when the plaintiffs could not recall where Mrs. Ton‘fell, is not circumstantial evidence that creates a genuine issue for trial. Because there is no genuine issue of material fact as 19to causation, summary judgment in favor of Al-bertsons was properly granted.
CONCLUSION
For the reasons explained, we affirm the trial court’s summary judgment in favor of Albertsons and the dismissal of the claims of the Tons. Costs of appeal are assessed to the Tons.
AFFIRMED.

. The plaintiffs’ petition and the final judgment both refer to the defendant store as ' "Albertson's.” However, the correct spelling is “Albertsons,” and the correct spelling will be used throughout this opinion.