Judgment rendered January 12, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,182-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CLAUDEIDRA MINOR                    Plaintiff-Appellant

versus

RED RIVER PARISH POLICE             Defendants-Appellees
JURY AND ABC INSURANCE
COMPANY

* * * * *

Appealed from the
Thirty-Ninth Judicial District Court for the
Parish of Red River, Louisiana
Trial Court No. 36,838

Honorable Eric R. Harrington, Judge *Ad Hoc*

* * * * *

BREITHAUPT, DUBOS, & WOLLESON,      Counsel for Appellant
LLC
By:  Michael L. DuBos
     Adam R. Karamanis

MARICLE & ASSOCIATES                Counsel for Appellees,
By:  Gregory A. Grefer              Red River Parish Police
                                    Jury and Travelers
                                    Indemnity Company

* * * * *

Before PITMAN, STEPHENS, and HUNTER, JJ.

**PITMAN, J**.

Plaintiff Claudeidra Minor appeals a summary judgment granted in favor of Defendant Red River Parish Police Jury (the "Police Jury"). For the following reasons, we reverse and remand.

## FACTS

On November 2, 2015, Plaintiff, an attorney for the Louisiana Workforce Commission, was leaving the Red River Parish Courthouse when her shoe heel caught on a torn piece of outdoor carpet that covered the concrete stairs. Plaintiff fell from the top of the staircase to the bottom, tumbling and hitting various parts of her body, including her head, on the way down. She suffered injuries to her neck, back, head, legs, hands, arms, feet, knees and other parts of her body, as well as cuts and bruises. She looked up at the stairs from the bottom and noticed a tear in the carpet on the edge of the top stair. She did not take pictures of the carpet or the stairs on the day of the fall, but returned to the courthouse a month later and photographed the alleged defect in the carpet, which she claimed caused her fall.

Plaintiff filed suit against the Police Jury and its fictitious insurer[1] and alleged that her injuries were caused by its negligence and that of its employees and that this negligence was the cause in fact of her accident. She claimed it failed to provide a safe entrance to, and exit from, the courthouse; failed to properly inspect and supervise the tidiness of the steps around the courthouse; failed to timely inspect and supervise the premises to

---

[1] In her petition, Plaintiff originally named Defendant ABC Insurance Company as the Police Jury's insurer. She amended her petition to correct the insurer's name to Travelers Insurance Company. It, however, answered the petition and clarified that its name is Traveler's Indemnity Company ("Travelers"). It admitted that it was the Police Jury's insurer, but denied all other allegations.

avoid the accident; failed to properly instruct the maintenance crew to keep the premises free and clear of defects and obstructions; and failed to warn of the defect. Plaintiff also alleged that she had a claim based in strict liability because the Police Jury knew or should have known of the dangerous defect of the carpet on the stairs, which was under its control and over which it had custody.

Discovery ensued, and on December 17, 2020, the Police Jury filed a motion for summary judgment on the grounds that Plaintiff could not prove essential elements of her claim against it, i.e., that it had knowledge of the allegedly defective condition or that the condition caused the fall. In support of its motion, it attached the petition; Plaintiff's original and supplemental depositions; and the deposition and affidavit of Jessie Davis, Parish Manager for the Courthouse of Red River Parish.

The Police Jury contended that Plaintiff was unable to meet her burden of showing there were genuine issues of material fact regarding its constructive notice of the alleged defect on the stairs. In support of this assertion, it pointed out that at her deposition, Plaintiff testified that the first time she noticed the defect in the carpet was after her accident. She did not notice it on her way into the courthouse or before her accident. She knew of no witnesses who could testify why she fell and was not aware of any other complaints about the carpet before her fall. She did not know if there were any changes in the carpet between her first and second visit to the courthouse, and she was unable to prove that the condition existed for a significant period of time prior to her fall. There was no evidence to establish when the condition existed and nothing from which to infer notice. The Police Jury further asserted that its witness, Mr. Davis, who was in

2

charge of inspecting the building, did not recognize that the condition of the carpet created a hazard. In fact, he testified that he was not even aware Plaintiff had fallen until almost a year after the accident. He had no prior knowledge or report of any issue with the carpet and does not know when the tear in the carpet appeared.

Plaintiff opposed the motion for summary judgment with her deposition, an affidavit and Mr. Davis's deposition. She stated that although she did not see the defect in the carpet prior to her fall because she was looking straight ahead and not down at her feet, she is sure the defect existed at the time of the fall because her heel caught on the stair and her foot was immobilized, causing the fall. She claimed that there is no other explanation for the sensation she experienced when the fall occurred and that the defect in the carpet had to have been the catalyst for her fall. She testified that the carpet showed signs of having been frayed, torn, degraded and discolored. The Police Jury provided information that the carpet had been installed in November 2010, and her accident occurred in November 2015. It had been exposed to weather of all kinds in those five years. Although Plaintiff admitted she did not take pictures of the stair with the gaping hole between the carpet and the stair until a month after her accident, she claimed that the carpet looked the same a month later as it did on the day of the accident. She also stated that the defective condition was one that only occurs over a long period of time.

Plaintiff asserted that the Police Jury had constructive notice of the defect because the condition of the frayed and torn carpet indicated it had been that way for some time. She stated that had the Police Jury used reasonable diligence in inspecting the property within its control, it would

3

have discovered the defect and repaired it. She contended that she only needed to show that there were genuine issues of material fact concerning constructive notice of the defect to defeat the Police Jury's motion for summary judgment.

The motion for summary judgment was heard on February 3, 2021, and the trial court granted it in favor of the Police Jury and dismissed Plaintiff's suit against it. The trial court's oral reasons for judgment addressed both causation and constructive notice issues, stating as follows:

> Plaintiff alleges that her shoe heel caught on something in the area of the carpet separation. . . . [S]he didn't actually see what caused the heel to catch as it occurred. After falling and looking at the area where she felt her heel get caught, she saw the carpet separation. She doesn't know whether the separation existed before she fell, but, quote, reasonably infers, closed quote, that it existed because it was the only observable flaw in her line of travel that could explain the mechanism of her fall. . . . I'm of the opinion that this rises above the level of speculation and constitutes factual support sufficient to create a genuine issue of material fact as to whether there was a defect that created an unreasonable risk of harm.

As to the issue of notice, the trial court reviewed Mr. Davis's deposition and determined that in 2015, Mr. Davis and the maintenance crew performed daily inspections of the area around the courthouse, cleaned up cigarette butts and noted any hazardous defects. Mr. Davis used the entrances to the courthouse frequently. While the Police Jury did not have a formal safety or hazard inspection plan that required periodic inspection, the daily inspections and clean-up would have alerted them to any hazardous defects.

The trial court found that the burden was on Plaintiff to show that the Police Jury had constructive knowledge of the defect and that Plaintiff had failed to meet her burden of proof on this issue. For these reasons, the trial

4

court found there was no genuine issue of material fact as to actual or constructive knowledge of any defect. The summary judgment was granted on that issue alone.

Plaintiff appeals.

## DISCUSSION

Plaintiff argues that the trial court erred in concluding that she failed to show that a genuine issue of material fact existed as to whether the Police Jury had actual or constructive knowledge of the defect in the carpet. She argues that a genuine issue of material fact exists when reasonable persons could reach different conclusions regarding the state of the evidence.

Plaintiff also argues that public entities are responsible for damages caused by the condition of buildings within their care and custody. She points out that she has to prove custody, that the thing was defective because of a condition which creates an unreasonable risk of harm, that the public entity had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time and that the defect was the cause in fact of her harm.

Plaintiff further argues that courts have routinely permitted reasonable inferences to be drawn from circumstantial evidence, and she asserts that her testimony regarding her failure to see the tear in the carpet before her heel got caught in it can be mitigated by the fact that the carpet, installed five years before her fall, showed obvious signs of degradation. It is frayed in multiple locations and is noticeably discolored. She claims that this is a reasonable inference which any lay person can make that can be relied upon. The carpet was located outdoors and has been continuously exposed to the elements for five years. Thus, she argues, it matters not that Mr. Davis

claims he was not aware that the carpet was worn when he knew or should have known it was, since it was his job to discover and address the issue.

Plaintiff claims that Mr. Davis's statement that he did not have actual or constructive notice of the defect indicates that he has been negligent in his duty and he did not inspect the property and did not exercise reasonable care. She points out that Mr. Davis, when confronted with a picture of the frayed, torn opening in the carpet, said it was not a safety hazard to women wearing heeled shoes because it was still attached to the concrete and "you would have to step over it." She also points out that a month later, when she returned to the courthouse to take the picture, the dangerous condition was still there, even though she had fallen a month before. She argues that at the very least, Mr. Davis's testimony only conflicts with hers and that creates a genuine issue of material fact, making summary judgment improper.

Defendants argue that Plaintiff cannot prove actual or constructive notice of the defect as required by the law when asserting a cause of action against a public entity. They contend that absent proof that the defect existed for a long period of time and that the Police Jury had failed to remedy it, Plaintiff cannot establish constructive notice. Further, they argue that Plaintiff has no evidence that the condition of which she complained existed before her fall. The photographs she took show a condition which could have manifested at any time. Further, she has no evidence other than her speculation that her heel caught in the tear on the carpet. They rely on the fact that Plaintiff did not see her heel catch on the tear, and she admitted that it was possible her heel could have caught anywhere on the carpet. They contend that it is only Plaintiff's opinion that the stairs caused a "dangerous condition," and that opinion is beyond the scope of her knowledge. For

these reasons, Defendants assert that the trial court correctly granted the summary judgment.

La. R.S. 9:2800(C) states that no person shall have a cause of action against a public entity for damages caused by the condition of things within its care and custody unless such entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence and that the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. Under La. R.S. 9:2800(D), constructive notice is defined as the existence of "facts which infer actual knowledge." This definition allows for the inference of actual knowledge to be drawn from the facts demonstrating that the defective condition had existed for such a period of time that it should have been discovered. *Johnson v. City of Bastrop*, 41,240 (La. App. 2 Cir. 8/1/06), 936 So. 2d 292.

In order to recover against a public entity for damages, the plaintiff must prove by a preponderance of evidence: (1) the thing that caused her damages was in the defendant's custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) the defendant possessed actual or constructive notice of the defect, yet did not take corrective action within a reasonable period of time; and (4) the defect was a cause in fact of plaintiff's harm. *Id*., *citing Jones v. Hawkins*, 98-1259 (La. 3/19/99), 731 So. 2d 216.

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Reynolds v. Bordelon*, 14-2371 (La. 6/30/15), 172 So. 3d 607. Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether

summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bank of Am., N.A. v. Green*, 52,044 (La. App. 2 Cir. 5/23/18), 249 So. 3d 219. We view the record and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764; *Coleman v. Lowery Carnival Co.*, 53,467 (La. App. 2 Cir. 4/22/20), 295 So. 3d 427, *writ denied*, 20-00594 (La. 9/23/20), 301 So. 3d 1179.

A motion for summary judgment shall be granted if the motion, memorandum and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A genuine issue is one about which reasonable persons could disagree. *Hines*, *supra*; *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230. A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant or determines the outcome of the dispute. *Hines*, *supra*; *Coleman*, *supra*; *Franklin*, *supra*.

The periodic inspection of one's property for defective conditions is intertwined with the concept of constructive notice. Lack of inspection is, nevertheless, only one factor by which the factfinder might determine that the defect existed for such a length of time that the public entity should have discovered the defect with the exercise of reasonable care. *See Graham v. City of Shreveport*, 44,994 (La. App. 2 Cir.1/27/10), 31 So. 3d 526, *writ*

8

*denied*, 10-0440 (La. 4/30/10), 34 So. 3d 294. Other circumstantial evidence indicating the length of time that the defective condition existed before the accident and detailing the nature of the defective condition itself are factors to be weighed for the determination of constructive notice. *Walters v. City of W. Monroe*, 49,502 (La. App. 2 Cir. 2/4/15), 162 So. 3d 419, *writ denied*, 15-0440 (La. 5/15/15), 170 So. 3d 161.

The only issue presented to this court on appeal is whether there are any genuine issues of material fact remaining concerning the Police Jury's constructive notice of the defect in the carpet on the stairs to the courthouse. Mr. Davis's testimony indicates that although he and other employees inspect the premises almost daily, no one ever noticed the torn carpet on the stair, even as long as a year after Plaintiff's fall. Plaintiff presented reasonable testimony that on the day of her fall, as she looked from the bottom to the top of the stairs, she saw the frayed condition of the carpet. The carpet was still frayed and torn a month later, yet Mr. Davis never noticed it.

Based on the record before us, a trier of fact could determine that the torn or frayed condition of the carpet existed over a sufficient length of time that reasonable diligence would have led to its discovery and repair. Mr. Davis neither observed nor corrected the defect during the one-month period between Plaintiff's fall and when the photographs were taken. In fact, his testimony seems to indicate that he did not consider the tear in the carpet to be a defect even after Plaintiff fell. Although he was not informed of Plaintiff's fall until much later, he passed the stair and carpet on a daily basis and did not notice it. Credibility determinations by the trier of fact are necessary to resolve the conflict between what Plaintiff claimed she

9

observed and what Mr. Davis claimed did not exist. There are genuine issues of material fact concerning whether the Police Jury exercised reasonable diligence and recognized the danger presented by the torn or frayed carpet.[2]

In this close case, the evidence revealed in this summary judgment setting shows multiple factors which bear upon the issue of constructive notice. The constructive notice issue under the particular facts of this case requires the weighing of the implications of multiple sources of circumstantial evidence and, therefore, presents material issues of fact.

For these reasons, the summary judgment is hereby reversed and the matter remanded for further proceedings.

## CONCLUSION

The summary judgment granted in favor of Defendant, Red River Parish Policy Jury, and against Plaintiff, Claudeidra Minor, is reversed and remanded. Costs of this appeal in the amount of $2,016.50 are assessed to Defendant Red River Parish Police Jury.

**REVERSED AND REMANDED.**

---

[2] According to the transcript of the hearing on the motion for summary judgment, the trial in this matter is to be a bench trial.