# United States Court of Appeals for the Fifth Circuit

---

No. 22-30173
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2022

Lyle W. Cayce
Clerk

Leroy Johnson,

*Plaintiff—Appellant*,

*versus*

Dolgencorp, L.L.C., doing business as Dollar General,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-815

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

This case arises from injuries that Plaintiff-Appellant Leroy Johnson sustained while exiting his vehicle in a parking lot at a store operated by Defendant-Appellee Dolgencorp, L.L.C. *d/b/a* Dollar General ("Dollar General"). Johnson appeals the district court's grant of summary judgment in favor of Dollar General. We affirm for the following reasons.

---

[*] This decision is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30173

On the night of September 26, 2017, Johnson was driving away from a Dollar General store parking lot in Donaldsonville, Louisiana, when he noticed that his car's headlights were malfunctioning. He promptly drove back into the same parking lot to examine the headlights. Johnson alleges that, when he exited his vehicle, his leg "became entrenched in a deeply embedded unleveled pothole," resulting in personal injuries.

Johnson sued Dollar General on May 23, 2018 in the 23rd Judicial District Court of the Parish of Ascension, alleging violations of Louisiana's Merchant Liability Act, La. R.S. 9:2800.6. Dollar General promptly removed the case to the United States District Court for the Middle District of Louisiana on the basis of diversity. After years of discovery, Dollar General and Plaintiff-Appellant filed cross-motions for summary judgment. Johnson's motion was denied for failure to cite evidence in its support. The district court granted Dollar General's motion, holding that no genuine disputes of material fact remained as to premises liability or the cause of Johnson's alleged injuries. Johnson timely appealed.

Johnson contends that the district court erred in granting summary judgment in favor of Dollar General because he had presented evidence to show that a pothole existed and that Dollar General was on notice of its existence. Johnson asserts that he clearly identified the pothole he fell into by providing a detailed description of it at his deposition. He also points to the testimony of three Dollar General employees who described the deteriorating condition of the parking lot prior to Johnson's accident. Johnson finally contends that his situation is distinguishable from the cases relied on by the district court.

No. 22-30173

"We review a grant of summary judgment *de novo*, applying the same legal standards as the district court."[1] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor."[3] We apply Louisiana law, which the parties agree provides the substantive rule of decision in this diversity case.

Under the Louisiana Merchant Liability Act, a plaintiff must prove that: (1) the condition presented an unreasonable risk of harm and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition that caused the damage prior to the occurrence; and (3) the merchant failed to exercise reasonable care.[4] As a threshold matter, a plaintiff "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence."[5] Here, despite being given many opportunities to do so, Johnson did not meet this burden.

As a preliminary matter, Johnson has been unable to identify the defect that allegedly caused his injuries. For example, when asked whether he could describe the precise location where he fell, Johnson testified "[n]o.

---

[1] *Tex. Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 504 (5th Cir. 2021) (quoting *Certain Underwriters at Llyod's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020)).

[2] Fed. R. Civ. P. 56(a).

[3] *King v. U.S. Bank, N.A.*, 853 F. App'x 971, 973 (5th Cir. 2021).

[4] La. R.S. 9:2800.6.

[5] *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 1 (La. 01/09/97); 699 So.2d 1081, 1082.

No. 22-30173

I'd be guessing because I really don't know exactly what hole it was or whatever, but I knew what area I was in." Johnson could only describe the area in question as a "cracked hole," and could not ascertain how much difference in elevation existed between the bottom of the hole and the surface of the parking lot. Three Dollar General employees testified that there was a single known pothole near the entrance of the lot, but Johnson denied that this particular pothole caused his fall.[6]

Johnson contends that his case is distinguishable from the cases relied on by the district court because he "identifies that he fell into a pothole, not merely 'something.'" Johnson asserts that—unlike the plaintiff in *Ton v. Albertson's LLC*[7]—he "immediately knew that he tripped in a hole" and "never had moment of uncertainty as to what exactly caused his fall." Johnson further asserts that his case is distinguishable from *Hotard v. Sam's E., Inc.*[8] because he "not only identifies that he fell into a pothole . . . but also identifies the location of the pothole." Johnson contends that he was unable to document the defect because "defendant repaved the entire parking lot due to its hazardous condition."

We are unpersuaded by these arguments. The Louisiana Merchant Liability act requires a plaintiff to affirmatively identify the damage-causing condition, which Johnson has failed to do. Johnson has not adduced any photographic evidence or expert testimony to identify the pothole he allegedly fell into. His deposition testimony demonstrates uncertainty as to the characteristics of the alleged pothole. The Dollar General employees'

---

[6] During his deposition, Johnson testified that he was aware of this pothole but fell somewhere "three or four car lengths from the entrance."

[7] (La. App. 2 Cir. 11/18/15); 182 So.3d 246.

[8] 2021 WL 2700381 (M.D. La. Jun. 30, 2021)

testimony corroborates the overall deteriorating condition of the parking lot, but that alone is insufficient under La R.S. 9:2800.6. We recently held in *Buchanan v. Wal-Mart Stores, Inc.* that "[i]t is common for the surfaces of streets, sidewalks, and parking lots to be irregular," and that something more is required by La R.S. 9:2800.6.[9]

The district court correctly concluded that "[w]ithout any additional evidence establishing the alleged pothole at issue, the Court is left only with Plaintiff's speculation." We have held that "'[m]ere speculation or suggestion' is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'"[10]

No genuine disputes of material fact exist regarding a defect on Dollar General's premises, so the district court did not err in granting summary judgment for Dollar General. The district court's grant of summary judgment is therefore AFFIRMED.

---

[9] 834 F. App'x 58, 63 (5th Cir. 2020) (quoting *Reed v. Wal-Mart Stores, Inc.*, (La. 3/4/98); 708 So. 2d 362, 365-66).

[10] *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 331 (5th Cir. 2017) (quoting *Allen v. Wal–Mart Stores, Inc.*, (La. App. 2 Cir. 6/25/03); 850 So.2d 895, 898–99)).