Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,091-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CATRINA DUPREE,                           Plaintiffs-Appellants
INDIVIDUALLY AND ON
BEHALF OF HER MINOR CHILD,
LARONICA GRAY

versus

BOSSIER PARISH SCHOOL                     Defendant-Appellee
BOARD

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 162,981

Honorable Douglas M. Stinson, Judge

* * * * *

THE LAW OFFICE OF                         Counsel for Appellants,
ALLEN COOPER, LLC                         Carolyn Dupree and
By: J. Christopher Miciotto               Laronica Gray
    J. Allen Cooper, Jr.

ROLAND V. MCKNEELY, III                   Counsel for Appellee

* * * * *

Before COX, THOMPSON, and HUNTER, JJ.

**THOMPSON, J.**

A student at Plain Dealing Middle/High School fell in the girls'
bathroom, injuring her ankle and foot.  After her fall, the student reported
that she fell in water on the floor by the toilet.  The student's mother,
individually and on behalf of her minor child, filed suit against the Bossier
Parish School Board, alleging that it caused water to be on the floor in the
girl's bathroom, which caused the student's fall and resulting injuries.  The
school board filed a motion for summary judgment, arguing that the floor
was not in fact wet, and if it were, that the BPSB did not have notice of the
wet condition of the floor so as to subject it to liability.  The trial court
granted the school board's motion for summary judgment, finding it did not
have notice of the water on the floor.  For reasons more fully described
below, we affirm the trial court's ruling granting the school board's motion
for summary judgment.

## FACTS AND PROCEDURAL HISTORY

In the early afternoon of August 30, 2019, Plain Dealing Middle/High
School student Laronica Gray ("Laronica") walked into a restroom with
another student, walked toward a bathroom stall, opened the stall door,
stepped in, and fell.  According to Laronica, after she fell, she noticed the
floor was wet and subsequently claimed the wet floor is what caused her to
fall.

Almost a year later, on August 28, 2020, Laronica's mother, Catrina
Dupree,[1] individually and on behalf of her daughter, filed a petition for

---

[1] The record shows that Catrina Dupree died during this litigation.  On August 21,
2023, Laronica Gray's maternal grandmother, Carolyn Dupree, was substituted as a party
in the lawsuit.

personal injuries against the Bossier Parish School Board (hereinafter "BPSB"). Dupree alleged in her petition that Laronica fell in the girls' bathroom when she attempted to enter a stall because the floor was wet. Dupree asserted that BPSB had actual and constructive knowledge of the unreasonably dangerous condition created by the wet floor prior to the time Laronica was injured. Dupree claimed that BPSB was at fault by causing and/or allowing water to be on the floor, failing to timely and properly remove the water from the floor, and having notice of the condition on the floor and failing to take all appropriate actions. Dupree claimed that Laronica's ankle, foot, and lower leg were severely injured as a result of the fall, asserting that Laronica sustained a fracture of the lateral malleolus fibula and ankle and suffered foot pain.

On January 30, 2024, BPSB filed a motion for summary judgment. BPSB argued that no one, including Laronica, observed water on the floor prior to her fall. Laronica allegedly fell in a bathroom stall and noticed water on the floor only after she fell. BPSB included in its motion the affidavit of Charles Scott, the maintenance technician at Plain Dealing High School, who was on duty that day. Scott testified in his affidavit:

> On the date that Laronica Gray alleges that she was injured in that girls' restroom, I inspected that restroom within 4 minutes before Laronica Gray entered that restroom. I inspected every stall and toilet. There was no water present on the floor in any of the stalls or anywhere else in that bathroom, nor were any of the toilets loose or moving. If any water had been on the floor, my mop was just outside the door. I would have retrieved it and mopped up any water. If any of the toilets were loose or moving, I would have put an Out of Order sign on the stall so that no one could enter the stall. I inspected and cleaned that bathroom every work day from July of that year to the date of the alleged accident. None of the toilets in that bathroom had leaked.

2

The school's surveillance system video footage from the hallway directly outside of the door to the girls' bathroom was attached to Scott's affidavit. The video footage established the following timeline:

- 1:01.36 –Scott enters the girls' bathroom.

- 1:07.10 –Scott exits the girls' bathroom.

- 1:10.42 – Laronica enters the bathroom, 3 minutes and 32 seconds after Scott exits from his inspection.

- 1:13.02 – Laronica exits the bathroom, limping, with assistance of school personnel.

BPSB also included portions of Laronica's deposition in its motion for summary judgment. BPSB argued that Laronica herself testified that the water was discovered on the floor only after she slipped. Laronica testified that she did not look down to see if there was water on the floor, and did not see any water on the floor until after she had fallen. Laronica testified that after she fell, she looked at what she fell in and testified, "I seen it was a big puddle of water." Laronica testified that she was assisted off the floor and out of the bathroom by two employees of the high school.

BPSB concluded that there was no genuine issue of material fact, and Laronica could not establish her burden of proof at trial as to the essential elements of her claim of premises liability of a public entity, pursuant to La. R.S. 9:2800 and La. C. C. arts. 2317 and 2317.1.

Dupree filed an opposition to BPSB's motion for summary judgment, and included the 1442 deposition[2] of BPSB representative, Sandrina

---

[2] La. C. C. P. art. 1442 provides for the deposition of an organization. A party identifies an organization (in this case, BPSB) as the deponent and designates with reasonable particularity the matters on which examination is requested. The organization

Isebaert, the school's principal. Dupree argued that Isebaert admitted in her 1442 deposition that Scott, the maintenance technician, more likely than not caused water to be on the floor in the restroom, because he was in the bathroom cleaning prior to the fall. Dupree also included a handwritten accident report, prepared by Kandy Kolinger, which noted the floor was wet after Laronica's fall. The incident report provided: "Walked into girl's bathroom, floor going into stall was wet. She slipped down and hurt her right ankle." Dupree claims that opposing evidence to BPSB's assertions creates a material issue of fact.

On April 16, 2024, a hearing on the motion for summary judgment was held. BPSB argued that Scott's affidavit noted that he inspected the bathrooms, but did not state that he cleaned the bathrooms. Scott's inspection did not reveal any water on the floor four minutes prior to Laronica entering the bathroom stall. Further, BPSB noted that Isebaert's testimony during her 1442 deposition was given in response to hypothetical questioning regarding Scott's duties cleaning the bathroom. BPSB noted that Isebaert's responses to those questions did not amount to factual support or proof of water on the floor when Laronica entered the bathroom. BPSB also argued that Laronica did not testify that she saw water on the floor before she fell and reported that she saw water on the floor only after she fell. BPSB asserted that there is no factual evidence to show that water was on the floor before Laronica fell. BPSB concluded that Dupree was required to prove that BPSB caused water to be on the floor or had actual or

---

then designates one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and may set forth the matters on which he or she will testify. The person(s) so designated shall testify as to matters known or reasonably available to the organization.

4

constructive notice of the water on the floor; Dupree has not alleged facts to support either of those elements.

In response, Dupree argued that Isebaert's testimony in her 1442 deposition was sufficient to create a genuine issue of material fact about the state of the floor. Dupree asserted that Isebaert had knowledge of Scott's cleaning duties and testified Scott cleaning would be the most likely cause of water being on the floor in the bathroom stall. Dupree argued that according to Isebaert, Scott "puts water on the brush, he splashes it around in the toilet and on the seats, and probably that's where the water came from." Dupree argued that even though Isebaert was not an expert witness, her lay witness testimony that provided an explanation for the water being on the ground was sufficient to create a genuine issue of fact.

At the conclusion of the hearing, the trial court granted the BPSB's motion for summary judgment, finding that Dupree failed to meet her burden of proof in the case by failing to show that a genuine issue of material fact existed regarding notice of an unreasonably dangerous condition. The trial judge found that BPSB, through Scott, inspected the restroom at issue less than four minutes before the fall, and that other female students entered the restroom after Scott exited but before Laronica entered. The trial judge stated:

> […] [M]ainly the court's opinion is that it comes down to notice and that Mr. Scott was the only one from the school board in the restroom prior to this fall taking and place and his affidavit states there was no water on the floor … But if there was, the court is of the opinion that there was no notice to the school board of that water.

Dupree now appeals the trial court's granting of BPSB's motion for summary judgment.

## DISCUSSION

Dupree asserts six assignments of error, alleging that genuine issues of material fact exist which should have defeated BPSB's motion for summary judgment. Dupree's assignments of error provide, verbatim, as follows:

1. The trial court erred in not finding that there is evidence that the floor where Gray slipped and fell was wet, creating an issue of material fact.

2. The trial court erred in finding that the testimony of BPSB in its 1442 deposition that it was "likely" that an employee of BPSB caused the water to be present that caused the minor child, Gray, to slip, fall, and suffer injuries and other damages did not create a material issue of fact.

3. The trial court erred in finding that the surveillance video showing the janitor, who was an employee of BPSB, entering the bathroom where the minor child, Gray, slipped and fell, less than three (3) minutes prior to Gray entering the bathroom created a material issue of fact, that the employee of the BPSB likely caused the water to be present that caused Gray's fall.

4. The trial court erred in finding that the surveillance video showing the janitor, who was an employee of BPSB, entering the bathroom where the minor child, Gray, slipped and fell, less than three (3) minutes prior to Gray entering the bathroom created a material issue of fact as to whether the employee of BPSB had actual or constructive notice that the water on the floor of the bathroom was present prior to Gray's fall.

5. The trial court erred in finding that there is no material issue of fact as to whether the BPSB provided a proper warning to Gray that the floor was wet prior to her fall.

6. The trial court erred in finding that there are no material issues of fact in this case, which precluded summary judgment from being granted.

BPSB notes that they are dissatisfied with Dupree's statements in the alleged assignments of error[3] and provides alternative statements regarding the assignments of error, as follows:

1. The trial court did not base its ruling that there was no evidence that the floor where Gray fell was wet. It made a finding that there was no notice of the alleged water.

2. Whether the trial court erred in appropriately applying the rules of evidence, where BPSB's designated agent gave opinion testimony to a conclusion based on speculation, but where Scott provided actual facts.

3. Number 2 directly above is adopted by reference herein, as they relate to the same thing.

4. Whether trial court erred in its finding that the school board did not have notice, where Scott inspected that restroom and confirmed that no water was on the floor within 3 minutes of Gray entering.

5. The trial court made no finding regarding warning because no warning is required if there is no notice.

6. Whether the trial court erred in finding that there were no genuine issues of material fact in this case, where the plaintiff failed to meet her burden of proof regarding notice, where the facts, not opinion based on made-up facts posited by plaintiff's counsel in the 1442 deposition, conclusively show that no water was on the floor within 3 minutes of Gray entering the restroom.

Appellants' original assignments of error, and the restated assignments proposed by appellee, all focus on the issue of whether there was conflicting evidence of water on the floor contributing to Laronica's fall and injuries, and if BPSB had notice of that condition to subject it to liability. Accordingly, we will address the issues *in globo* below.

---

[3] URCA 2-12.5 provides, in pertinent part: The brief of the appellee shall contain appropriate and concise responses and arguments to the assignments of error, contentions, and arguments of the appellant and shall conform to the requirements for the appellant brief set forth in Rule 2-12.4, except that the following need not be included unless the appellee is dissatisfied with the appellant's statements:

(3) assignments of alleged errors, Rule 2-12.4, Subsection A(5).

Dupree argues that there was significant evidence that the floor was wet prior to and at the time of Laronica's slip and fall in the restroom. Dupree asserts that there are genuine issues of material fact about whether the floor was in fact wet when she walked into the stall which caused her to fall. Dupree further asserts that Laronica's testimony that contradicted Scott's affidavit – which stated that the floor was *not* wet – is sufficient to create a genuine issue of material fact. Additionally, the BPSB employee who prepared a handwritten report following Laronica's fall noted that the floor was wet.

Dupree notes that surveillance video shows Scott entered the bathroom 3 minutes prior to the fall and argues that this constitutes constructive notice, because Scott should have known the floor was wet and remedied the dangerous condition prior to Laronica's fall. Further, Dupree argues that BPSB admitted in its 1442 deposition that Scott more likely than not caused the water to be present on the floor of the bathroom. Dupree also notes that there was no cleaning cart or sign present in the bathroom that would have warned Laronica that the floor might be wet.

Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bank of Am., N.A. v. Green*, 52,044 (La. App. 2 Cir. 5/23/18), 249 So. 3d 219. Summary judgment is favored by law and provides a vehicle by which the just, speedy, and inexpensive determination of an action may be achieved. La. C.C.P. art. 966(A)(2). We view the record and all reasonable inferences to be drawn from it in the light most

8

favorable to the nonmoving party. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Louisiana C.C.P. art. 966(D)(1) provides:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

A genuine issue is one about which reasonable persons could disagree. *Hines, supra; Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. *Hines, supra; Franklin, supra*. When considering a motion for summary judgment, it is improper to weigh the evidence or determine the truth of the matter; rather, the trial court is to determine only whether there is a genuine issue of fact for trial. *Franklin, supra*.

In order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish: (1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. La. R.S. 9:2800; *Shear v. Trail Blazers, Inc.*, 21-00873 (La.

12/21/21), 329 So. 3d 819, 822; *Chambers v. Village of Moreauville*, 11-898 (La. 1/24/12), 85 So. 3d 593, 597; *Lasyone v. Kansas City Southern R.R.*, 00-2628 (La. 4/3/01), 786 So. 2d 682, 690; *Minor v. Red River Parish Police Jury*, 54,182 (La. App. 2 Cir. 1/12/22), 333 So. 3d 549; *Harris v. City of Shreveport*, 53,101 (La. App. 2 Cir. 4/22/20), 295 So. 3d 978, 982. Failure to meet any one statutory element will defeat a negligence claim against a public entity. *Id.*; *Breitling v. Shreveport*, 44,112 (La. App. 2 Cir. 5/13/09), 12 So. 3d 457.

Before a municipality can be held liable for injuries resulting from a defect in the condition of a thing in its custody, the municipality must have had actual or constructive notice of the particular defect that gave rise to or caused the injury. *Dorsey v. Pier Landings Shreveport, L.L.C.*, 54,761 (La. App. 2 Cir. 10/12/22), 349 So. 3d 1103; *Harris, supra*; *Stevens v. City of Shreveport*, 49,437 (La. App. 2 Cir. 11/19/14), 152 So. 3d 1071, *writ denied*, 15-0197 (La. 4/17/15), 168 So. 3d 399, *cert. denied*, 577 U.S. 864, 136 S. Ct. 154, 193 L. Ed. 2d 114 (2015). Actual notice has been defined as knowledge of dangerous defects or conditions by a corporate officer or employee of the public entity having a duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities. *Jones v. Hawkins*, 98-1259 (La. 3/19/99), 731 So. 2d 216; *Harris, supra*, 295 So. 3d at 983.

Under La. R.S. 9:2800(D), constructive notice is defined as the existence of "facts which infer actual knowledge." This definition allows for the inference of actual knowledge to be drawn from the facts demonstrating that the defective condition had existed for such a period of

time that it should have been discovered and repaired if the public entity had exercised reasonable diligence. *Dorsey, supra*; *Johnson v. City of Bastrop*, 41,240, p. 4 (La. App. 2 Cir. 8/1/06), 936 So. 2d 292, 294. *See also Williams v. Ruben Residential Properties*, 46,040 (La. App. 2 Cir. 3/2/11), 58 So. 3d 534. The plaintiff must make a positive showing of the existence of the condition prior to the fall. *Dorsey, supra; Harris, supra*; *Ton v. Albertson's, LLC*, 50,212 (La. App. 2 Cir. 11/18/15), 182 So. 3d 246, *writ denied*, 15-2320 (La. 2/5/16), 186 So. 3d 1169.

The periodic inspection of one's property for defective conditions is intertwined with the concept of constructive notice. *Minor, supra*. Lack of inspection is only one factor by which the fact finder may determine that the defect existed for such a length of time that the public entity should have discovered the defect with the exercise of reasonable care. *Id.*; *Graham v. City of Shreveport*, 44,994 (La. App. 2 Cir. 1/27/10), 31 So. 3d 526, *writ denied*, 10-0440 (La. 4/30/10), 34 So. 3d 294.

The record, which included Laronica's deposition, Scott's affidavit, and attachments thereto, including video surveillance, establish the following facts:

- No one, not even Laronica, testified that there was water on the floor *before* she fell.

- Laronica testified that she did not see water on the floor prior to her fall and only noticed the water on the floor after she fell.

- Laronica did not exclude that she either dropped something into the toilet and caused water to splash out, or that her hand or arm went into

11

the toilet during the fall, causing water to splash out, or that another female student caused water to be on the floor.

We also note that the video footage does not provide any indication of whether there actually was water on the floor on the bathroom, as that footage merely depicts the main entrance to the bathroom from the hallway.

A public entity cannot be held liable in a premises liability case unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. La. R.S. 9:2800(C). Scott's affidavit established that he was in the bathroom inspecting it less than four minutes prior to Laronica's fall. Scott's affidavit provided that there was no water on the floor in any stall and no loose or leaking toilets. Scott specifically stated that if there had been water, he would have retrieved his mop and remedied it, in accordance with his duties as a maintenance technician. Further, the video footage shows that several other students entered and exited the bathroom after Scott's inspection without incident. Accordingly, we find that the trial court properly granted BPSB's motion for summary judgment based on a lack of notice, which is one of the essential elements required for Dupree's claim to prevail. BPSB was only required to show that there was an absence of factual support for one or more elements essential to Dupree's claim. The record does not establish that BPSB caused water to be on the ground, resulting in Laronica's injuries. Additionally, the record fails to show that BPSB had actual or constructive notice of any water on the floor at the time Laronica fell in the bathroom. Dupree's assignments of error lack merit;

12

therefore, we affirm the ruling of trial court granting BPSB's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the trial court's ruling granting BPSB's motion for summary judgment is affirmed. Costs of this appeal are assessed to appellant, Carolyn Dupree, individually and on behalf of the minor child, Laronica Gray.

**AFFIRMED.**