572 So.2d 773 (1990)
Mrs. Eva M. FRANKLIN, widow of John I. Richardson, and the Dependents of John I. Richardson
v.
The CHECKER CAB COMPANY, INC. and its Insurer, ABC Insurance Company.
No. 90-CA-1090.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
*774 John E. Jackson, Jr., New Orleans, for Eva M. Franklin.
M. Arnaud Pilie, New Orleans, for Checker Cab Co., Inc.
Before KLEES, CIACCIO and LOBRANO, JJ.
KLEES, Judge.
This is an appeal from a judgment in favor of defendant, Checker Cab Co., Inc., denying plaintiff worker's compensation benefits for the death of her husband. We affirm.
Plaintiff, Mrs. Eva M. Franklin, instituted suit on behalf of herself and her minor children against defendant to recover worker's compensation benefits for the death of her husband, John I. Richardson, as a result of an accident on June 18, 1974, between the Checker Cab he was driving and another vehicle. The trial court denied compensation and benefits to plaintiff based on the finding that Richardson was an independent contractor. The issue on appeal is whether decedent was within the class of persons extended coverage under the Worker's Compensation Act.
We find the trial court's decision to be a correct application of the law. La.R.S. 23:1021(6) defines independent contractor as follows:
"Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specific result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
As the trial judge noted in his reasons for judgment, an independent contractor is covered under the worker's compensation law only when a substantial part of his work time is spent in manual labor in carrying out the terms of his contract with the principal, and the work performed by him is part of the principal's trade, business, or occupation. Lushute v. Diesi, 354 So.2d 179 (La.1977), La.R.S. 23:1021(6), 23:1061. Plaintiff alleges that driving a cab was part of defendant's taxicab business and, therefore, decedent comes within the exception to the independent contractor exclusion under the Act. However, under the facts of this case, we do not consider that the work performed by Richardson was part of Checker's trade, business, or occupation. Checker was not in the taxicab business. Checker leased cabs, CPNC's, radio service, and goodwill to cab drivers on a daily basis. They exercised no control or supervision over lessees, paid no wages, and placed no restrictions on lessees. The service rendered by the decedent at the time of the accident was not part of the business, but was merely incidental thereto. Thus, Richardson was not an independent contractor entitled to coverage under the Worker's Compensation Act. Hence, we conclude that plaintiff is not entitled to *775 recover worker's compensation benefits from Checker for Richardson's death.
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.