DREW, J.
11 Raynetta Franklin appeals a partial summary judgment granted in favor of Kenneth Crawford and Ace Cab, L.L.C d/b/a Yellow Checker Cab. We affirm.
FACTS
On January 29, 2013, a motor vehicle driven by Gary Dick, a cab driver, was involved in a collision with a vehicle being driven by John Reiz at the intersection of Stoner Avenue .and Creswell Street in Shreveport, Louisiana. Raynetta Franklin was a passenger in the cab driven by Dick, and she sustained injuries in the accident, which have required surgery. Dick leased the taxicab from Crawford and Yellow Checker Cab Company (“the Cab Company”)' each day for $85; Dick kept all of the proceeds that he earned. Crawford and the Cab Company earned the same $85 each day regardless of how much money Dick earned,
The original petition was filed on September 18, 2013, by Raynetta Franklin, naming Gary Dick, Kenneth Crawford, Ace Cab, L.L.C., d/b/a Yellow Checker Cab Company, and Imperial Fire & Casualty Insurance Company as defendants.
On June 2, 2016, Crawford filed a motion for partial summary judgment, arguing that no genuine issue of material fact existed .as to the relationship between Crawford and the Cab Company and Dick and that there was no employer/employee relationship.
On August 22, 2016, following oral argument'by all parties, the trial court granted the motion for summary judgment and dismissed all claims against Crawford and the Cab Company. Franklin appealed.
DISCUSSION
^Summary judgments are reviewed de novo using the same criteria that 'govern the district court’s consideration of whether a summary judgment should be granted. Richard v. Hall, 2003-1488 (La. 4/23/04), 874 So.2d 131; Capital One Bank (USA) NA v. Thompson, 47,994 (La. App. 2 Cir. 5/15/13), 115 So.3d 704. We view the record and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So.2d 764, rehearing denied, 2004-0806 (La. 9/24/04), 882 So.2d 1134. The judge considering a motion for summary judgment is not to weigh the evidence or determine the truth of the matter; rather, the judge’s role is to determine whether there is a genuine issue of fact for trial. Id.
The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). However, if the moving party will not bear the burden of proof at trial *1132 on the matter at issue on summary judgment, then the movant is merely required to point out an absence of factual support for one or more essential elements of the adverse party’s claim. Id. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. Id.
A genuine issue is one about which reasonable persons could disagree. Hines, supra. A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. Id. Whether a fact is “material” for purposes of summary judgment is determined in light of the substantive law applicable to the particular case. Richard, supra.
IsThe substantive law upon which Franklin’s claim against Crawford and the Cab Company is based arises from La. C.C. art. 2320, which states, in relevant part, “Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.” Distinguishing whether one is an employee or an independent contractor involves a factual determination that is decided on a case-by-case basis. White v. Frederick, 44,-563 (La. App. 2 Cir. 8/19/09), 17 So.3d 1016, writ denied, 2009-2059 (La. 11/25/09), 22 So.3d 168.
The major factor for determining whether there is an independent contractor or employer-employee relationship is the employer’s control over the work. Hickman v. Southern Pac. Transport Co., 262 La. 102, 262 So.2d 385 (1972). The court explained that “it is not the supervision and control which is actually exercised which is significant, the important question is whether, from the nature of the relationship, the right to do so exists.” Id. at 391. The supreme court has found the following factors to be relevant in determining whether the relationship of principal and independent contractor exists: (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and, (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Id.
14Franklin argues that Crawford and the Cab Company are vicariously liable for her damages because they controlled Dick’s work. The facts of this case are for the most part uncontested. Both sides agree on what the interactions between Crawford and Dick are; the only dispute is what the legal consequences of these interactions are. There is no genuine issue of material fact in this case pertaining to the existence of an employer-employee relationship; therefore, partial summary judgment is appropriate.
Dick and Crawford had a verbal lease for the use of the taxicab each day. A lease is valid whether it is in writing or made orally. La. C.C. art. 2681. Dick paid a rate of $85 a day to Crawford to use the taxi and have access to the dispatch service that Crawford operated. Dick used the dispatch service for some of his fares, but he also had his own clientele that he had built up through his years of being a taxi driver. He would receive direct calls from clients and sometimes had standing agreements to pick them up each day at specified times. Dick and Franklin had this type *1133 of agreement. Dick had a standing agreement to pick her up each day and bring her to work, and then bring her home in the afternoon. She also had his cell phone number to call and let him know when she did not need a ride. The morning of the collision, Dick had taken Franklin to work. He then picked her up from work, and the collision occurred on the way to her house. Even though Dick used the Cab Company dispatch service, he also had his own means of obtaining business.
Dick had no set work hours. In fact, he did not have to work at all. Dick stated in his deposition that he controlled what he did with the taxi after leasing it each day; he could pick up people or park it in his driveway and not use it all day. No money was paid to him from Crawford or the Cab | {¡Company, and they did not receive any portion of his fare earnings. Dick made all of his money from his fares and no compensation for his work was paid to him from Crawford or the Cab Company. Crawford could not terminate Dick; Crawford could only refuse to continue to lease him the taxicab. The lack of ability to terminate the worker weighs against there being an employer-employee relationship.
In Franklin v. Checker Cab Co., 572 So.2d 773 (La. App. 4 Cir. 1990), the cab driver and cab company had a very similar arrangement as Dick and Crawford. The court found that the control of the cab company over the cab driver was so insignificant that the cab driver receiving fares was not-even considered a part of the cab company business. The leasing of the cab and the dispatch service to the cab drivers was the actual business of the cab company:
Checker was not in the taxicab business. Checker leased cabs, CPNC’s, radio service, and goodwill to cab drivers on a daily basis. They exercised no control or supervision over lessees, paid no wages, and placed no restrictions on lessees. The service rendered by the decedent at the time of the accident was not part of the business, but was merely incidental thereto.
Id. 572 So.2d 773, 774.
Franklin also argues that the factors set forth in Hickman, supra, establish that Dick was an employee of Crawford and the Cab Company, which factors are used to establish when a worker is an independent contractor. The first factor is that there is a valid contract between the parties. As previously stated, it is uncontested that there was a valid verbal contract between Dick and Crawford. The second factor is the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it. Dick had his own clientele and | (¡methods of obtaining fares. He did use the dispatch service that was run by Crawford, but it was not his exclusive means of obtaining fares. The third" factor is the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered. Dick was free to obtain fares any way he wanted, or he could choose not to operate the taxicab at all. Crawford had no control over how or when Dick would obtain fares.
The fourth factor is that there is a specific price for the overall undertaking agreed upon. Once Dick paid the $85 fee, he was allowed to use the taxicab and the dispatch service. This flow of money, from the alleged employee to the alleged employer, actually refutes any claim of employment.
Finally, the fifth factor is the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Each day *1134 Dick and Crawford would enter into an agreement for the use of the taxicab and dispatch service. Either party could, however, choose not to enter into the agreement the next day. This is a choice of not entering into a lease agreement and would not be considered a termination of Dick. It is cleai’, when these factors are applied to the facts at hand, that Dick was an independent contractor and not an employee of Crawford or the Cab Company.
Crawford and the Cab Company’s ability to control Dick is the most important factor in determining whether an employer-employee relationship exists. Hickman, supra. There is a distinct lack of control between 17Crawford and Dick. Dick set his own hours, earned his own money, received no salary, determined how he did his work, and could not be fired by Crawford. All of these facts weigh against there being an employer-employee relationship.
There are no material facts in dispute. Rather, the dispute is whether, as a matter of law, the facts as presented establish that there was an employer-employee relationship, and they do not. Accordingly, we conclude that the trial court committed no error in granting Crawford and the Cab Company’s motion for summary judgment.
DECREE
At Franklin’s costs, the judgment is AFFIRMED.