Judgment rendered April 5, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,977-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

PAMELA HARRIS BOURN                    Plaintiff-Appellant

versus

FEDERATED MUTUAL                       Defendants-Appellees
INSURANCE COMPANY, ET AL

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2019-CV-04013

Honorable Jefferson Bryan Joyce, Judge

* * * * *

LAW OFFICE OF ANTHONY J.               Counsel for Appellant
BRUSCATO
By: Anthony J. Bruscato


COTTON, BOLTON, HOYCHICK, &            Counsel for Appellees
DOUGHTY, L.L.P.                        Federated Mutual
By: M. Kyle Moore                      Insurance Company and
                                       E&M Oil Company, LLC,
                                       d/b/a Missile Mart 11


* * * * *

Before STONE, THOMPSON, and MARCOTTE, JJ.

**MARCOTTE, J.**

This appeal arises from Monroe City Court, Parish of Ouachita, the Honorable Jefferson B. Joyce presiding. Pamela Bourn ("plaintiff" or "appellant") appeals the trial court's granting of the motion for summary judgment filed by Federated Mutual Insurance Company ("Federated") and E&M Oil Company d/b/a Missile Mart 11 ("Missile Mart") (Federated and Missile Mart collectively referred to as "defendants" or "appellees"), finding that Missile Mart did not have actual or constructive knowledge of an unreasonably dangerous condition before plaintiff slipped and fell on gasoline left behind by an unidentified customer. For the following reasons, we affirm.

## FACTS

On April 24, 2019, plaintiff alleges she was injured when she slipped and fell on a puddle of gasoline at the Missile Mart 11 gas station located at 3200 Louisville Avenue in Monroe, Louisiana. Missile Mart was insured by Federated at the time of the accident. Immediately before plaintiff arrived at the Missile Mart, an unidentified motorist spilled a substantial amount of gasoline onto the ground next to gas pump number 11. Plaintiff then parked in the spot where the gasoline spilled. When plaintiff exited her truck, she slipped and fell on the gasoline, causing her harm.

On October 24, 2019, plaintiff filed a petition for damages against Missile Mart, Federated, and the unidentified driver. Plaintiff alleged that as she exited her vehicle on the Missile Mart premises, she slipped in a substance on the concrete surface adjacent to the gas pump, falling and striking her head on the surface and landing on her left arm and back. Plaintiff claimed that Missile Mart failed to provide a premises free of

hazardous conditions, failed to exercise reasonable care, and failed to view the monitors of the video cameras inside the store as to what was unfolding outside at the pump. Plaintiff further alleged that the unidentified driver was negligent for being aware of a highly dangerous situation being created and failing to alert anyone for their safety. Plaintiff noted that she was unable to ascertain the driver's identity, but that she would continue her efforts to do so.

On December 19, 2019, defendants filed an answer to plaintiff's petition. Defendants denied liability for plaintiff's injuries and asserted that the unidentified driver is responsible instead.

On July 28, 2021, defendants filed a motion for summary judgment, claiming that plaintiff could not carry her burden of proof that Missile Mart is liable under the merchant liability statute. Defendants argued that summary judgment is proper in this case because plaintiff cannot prove that Missile Mart caused the gasoline to be on the ground in front of pump 11, that Missile Mart had actual or constructive notice of the condition prior to the slip, or that Missile Mart failed to exercise reasonable care.

In support of their motion for summary judgment, defendants submitted the affidavit of Missile Mart employee Doug Etheridge. Mr. Etheridge viewed the surveillance video footage and stated that shortly after the unidentified driver left pump 11 without notifying anyone of the gas she left on the ground, plaintiff arrived at the same gas pump and, after repositioning her truck several times to get closer to the pump, exited her truck, and slipped on the gas. Mr. Etheridge further stated that the video footage shows that one minute and 41 seconds (1:41) elapsed between when the unidentified driver pulled away from the gas pump and when plaintiff

2

fell. Finally, Mr. Etheridge stated that all employees of Missile Mart were inside the building when the accident occurred and their attention was occupied by customers who were coming in and out of the building throughout that time.

Defendants also submitted the affidavit of Dana Weddle in support of their motion for summary judgment. Ms. Weddle was employed as the manager of Missile Mart at the time of the incident. She stated that neither she nor any Missile Mart employee was aware of the incident until plaintiff, her husband, and third-party witness Sean Plauche came into the store to inform employees after it occurred. Ms. Weddle stated that Mr. Plauche indicated to her that plaintiff pulled up to pump 11 and slipped on gas that was previously spilled by the driver of the vehicle that used pump 11 before plaintiff arrived there. Ms. Weddle said that the individual who spilled the gas did not go inside or notify anyone about the spill. Ms. Weddle further stated that pump 11 is located in the row of pumps farthest from the store building. She said that when a vehicle pulls up to pump 11, the vehicle is located between the Missile Mart building and the pump, such that the vehicle blocks the view of pump 11 and anything happening at the pump cannot be viewed from the Missile Mart building. Finally, Ms. Weddle stated that she prepared the "Incident/Accident Report" that was filed into the record based on the statements made to her by plaintiff and Mr. Plauche.

On August 11, 2021, plaintiff filed a memorandum in opposition to the motion for summary judgment wherein plaintiff asserted that summary judgment is not appropriate in this case because there are fact issues relative to Missile Mart's constructive knowledge of the hazardous condition. Plaintiff argued that since Missile Mart had video screens inside the store

near the store employees' work stations, such that the cashiers could watch what goes on at the pumps in real time by glancing at the video screens, then a time period of only a few seconds was necessary to provide constructive notice. In essence, plaintiff's argument was that a store employee cannot ignore what is directly in front of him and then claim lack of constructive notice.

Plaintiff also contended that the time between when the unidentified driver pulled away from pump 11 and when she arrived at the pump was 3 minutes and 22 seconds (3:22). Plaintiff disputed defendants' contention that only 1 minute and 41 (1:41) seconds elapsed, claiming that such a time period is only possible when viewing the video at a faster speed.

Plaintiff further argued that once store employees were aware of the hazardous condition, in the exercise of reasonable care, one of them should have then immediately taken steps to remedy the condition by pouring "Oil Dry" on the puddle to soak it up. Plaintiff stated that store employees had a reasonable opportunity to remedy the puddle after receiving constructive notice of its existence and prior to her injury; but they did not learn of the puddle because they were not watching the in-store video screens and did not remedy the puddle because they did not learn of its presence.

In support of her opposition, plaintiff attached an affidavit from herself wherein she stated that she used to go to the Missile Mart regularly and is thus familiar with its layout. She stated that the door to the office where the video screens are located is usually kept open so that cashiers can monitor what is going on outside.

Plaintiff also attached to her opposition an affidavit from Frank Walters. Mr. Walters is an automobile mechanic who reviewed the video of

4

plaintiff's slip and fall. Mr. Walters stated that it appeared to him that approximately a gallon and a half of gas spilled from underneath the unidentified motorist's car, most likely due to a faulty "o-ring" on the car's fuel line. He also stated that a spill this size is dangerous because spilled gas is much more slippery than water. Mr. Walters further stated that to combat spills gas stations will often use a product called "Oil Dry," which is poured on gas spills to soak up the spilled liquid and prevent a hazard.

On August 26, 2021, the trial court held a hearing on the motion for summary judgment and ruled in favor of defendants. The trial court held that Missile Mart had no knowledge of the spill, and had it known of the spill, it would not have had ample time to warn other patrons or clean it up.

Plaintiff now appeals the trial court's ruling granting defendants' motion for summary judgment.

**DISCUSSION**

Appellant asserts that there is a fact issue as to whether Missile Mart had constructive notice of the existence of a hazardous condition and that the trial court erred in granting summary judgment to the defense. In support of this assertion, appellant argues that the gasoline spill was present on the video screen inside the store for a long enough period of time to give store employees constructive notice of its presence. Appellant argues that the time period required for constructive notice in this circumstance is quite short – 10 to 30 seconds – because the spill was readily visible to store employees via video feed.

Appellant argues that 3 minutes and 22 seconds (3:22) elapsed between when the unidentified driver pulled away from the pump and when she fell. Appellant further argues that 4 minutes and 44 seconds (4:44)

5

elapsed between the moment that the initial gas spill first became visible on the video and the moment she fell.

Appellant also asserts that after the store employees received constructive notice, they had enough time to eliminate the puddle had they been acting with reasonable care. In support of this assertion, appellant argues that a fact finder could conclude that, in the exercise of reasonable care, any store employee could have remedied the condition within one to two minutes after observing the spill, walking from the store to the puddle, and pouring Oil Dry or a similar product on the gasoline to absorb it.

Appellant requests that this court reverse the trial court's granting of summary judgment and remand the case for further proceedings.

Appellees argue that the trial court properly granted summary judgment in this matter because appellant cannot prove that Missile Mart caused the substance to be on the ground in front of pump 11, had constructive notice of the condition prior to the slip, or failed to exercise reasonable care. Because there was no actual notice, appellees argue that appellant must show that Missile Mart had constructive notice of the allegedly dangerous condition at pump 11, but that appellant cannot do this, as the evidence clearly shows the substance on the ground in front of pump 11 was not present for such a period of time that it should have been discovered through reasonable care.

Appellees assert that the video surveillance footage clearly shows the time between when the unidentified driver pulls away from pump 11 and when plaintiff exits her car and slips on the gas is 1 minute and 41 seconds (1:41).

6

Appellees assert that appellant's argument that the monitors inside the gas station building that show the video surveillance feed is easily visible by store employees is not supported by the record. Appellees argue that viewing the monitors that show the video feed "is not as easy as appellant makes it sound." Appellees further assert that the monitors in question are actually in a small office next to the cash registers, and that a review of the video surveillance footage from the cameras inside the gas station building shows that there were multiple customers inside the building being helped by employees and occupying their attention at the time the accident in question occurred.

Appellees request that this court affirm the trial court's granting of summary judgment.

Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bank of Am., N.A. v. Green*, 52,044 (La. App. 2 Cir. 5/23/18), 249 So. 3d 219. Summary judgment is favored by law and provides a vehicle by which the just, speedy, and inexpensive determination of an action may be achieved. La. C.C.P. art. 966(A)(2). We view the record and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Louisiana C.C.P. art. 966(D)(1) provides:

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

A genuine issue is one about which reasonable persons could disagree. *Hines, supra; Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. *Hines, supra; Franklin, supra*. When considering a motion for summary judgment, it is improper to weigh the evidence or determine the truth of the matter; rather, the trial court is to determine only whether there is a genuine issue of fact for trial. *Franklin, supra*.

The imposition of tort liability on a merchant for a patron's injuries resulting from an accident is governed by La. R.S. 9:2800.6, which provides, in part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

8

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Where a claimant relies upon constructive notice, as defined in La. R.S. 9:2800.6(C)(1), as plaintiff does here, the claimant must establish that the damage-causing condition existed for a period of time sufficient to place the merchant on constructive notice of the condition's existence. To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081.

Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. *Flowers v. Wal–Mart Stores, Inc.*, 12–140 (La. App. 5 Cir. 07/31/12), 99 So. 3d 696. The evidence required to prove the temporal element may be either direct or circumstantial. *Flowers, supra.*

Thus, a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall

9

has not carried the burden of proving constructive notice as mandated by the statute. *White, supra*; *Flowers, supra*. Proof of constructive knowledge in these cases is an onerous burden. *Scott v. Dillard's, Inc*., 14-755 (La. App. 5 Cir. 3/11/15), 169 So. 3d 468. Finally, because the statute requires that a plaintiff must prove each of these elements, "the failure to prove any is fatal to the claimant's cause of action." *White, supra* at 1086.

In this case, the issue that was presented to the trial court, and is before this court, is whether plaintiff proved Missile Mart had "constructive notice" of the damage-causing condition.

In *Adams v. Wal-Mart Stores, Inc*., 18-1706 (La. App. 1 Cir. 9/27/19), 286 So. 3d 452, the plaintiff slipped on a liquid substance in a store aisle and produced evidence that the substance could have been on the ground for approximately 13 minutes prior to her fall. The court found such a time period insufficient to put the merchant on notice that a hazardous condition existed.

In *Williams v. Supervalu, Inc*., 18-143 (La. App. 5 Cir. 11/7/18), 259 So. 3d 547, the plaintiff slipped on a grape that was dropped on the floor of a supermarket. It was determined through a review of the store's video surveillance footage that the grape in question had been dropped on the floor of the supermarket by a customer and not an employee of the supermarket. The video surveillance footage also showed that the grape had been on the floor for a period of 30 seconds prior to the plaintiff slipping on it. At the time of the plaintiff's fall, the footage also showed that a store employee was stocking grapes at the location where the plaintiff fell. Despite the fact that a store employee was working in the location where the plaintiff fell, the court

10

found that the store did not create the dangerous condition nor did it have constructive notice of the same.

Additionally, in *Coleman v. Wal-Mart Stores, Inc.*, 98-0124 (La. App. 1 Cir. 11/6/98), 721 So. 2d 1068, 1075, the court found that the plaintiff in that case failed to meet their burden under La. R.S. 9:2800.6, because "a showing that a hazard or impediment was created only moments before an accident is not sufficient to place a merchant on constructive notice of the condition as would justify finding negligence on the part of the merchant."

Here, plaintiff produced no evidence that the gas was on the ground for such a period of time that it would have been discovered if Missile Mart had exercised reasonable care. At most, plaintiff's evidence shows that there was an approximately 4 minute and 44 second (4:44) timeframe within which the gasoline was on the ground. However, plaintiff has produced no positive evidence to show that the gasoline was on the ground for a period of time sufficient to place Missile Mart on notice of its existence, or that Missile Mart's failure to detect and remedy the gas on the ground within that short timeframe was a lack of "reasonable care." See La. R.S. 9:2800.6(C)(1).

Plaintiff's argument that Missile Mart employees could have noticed and remedied the spill before the accident occurred had they been monitoring the in-store surveillance video ignores the evidence from Missile Mart that the store employees were occupied by other customers inside the store during the time the accident occurred.

Because plaintiff has failed to present factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial under La. R.S. 9:2800.6(B)(2), there is no genuine issue of material

11

fact, and defendants are entitled to summary judgment.  See La. C.C.P. art. 966(C)(2).  Accordingly, the trial court's judgment is affirmed.

## CONCLUSION

For the foregoing reasons, we affirm.  All costs of this appeal are assessed to appellant.

**AFFIRMED.**